# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| *In re* Ex Parte Application of<br>THE GOVERNMENT OF THE<br>LAO PEOPLE'S<br>DEMOCRATIC REPUBLIC,<br><br>Applicants. | Case No. 1:15-mc-08232-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending before the Court are two motions. In the first (Dkt. 20), John K. Baldwin, John K. Baldwin IIR Trust, Bridge Capital, LLC, and Sanum Investments Limited (collectively, "Movants") request the Court to vacate the Ex Parte Memorandum Decision and Order on Ex Parte Application for Discovery issued on January 19, 2016. In the second (Dkt. 29), the Applicant, Government of the Lao People's Democratic Republic, moves for Revocation of Order Granting Pro Hac Vice Appearance.

## BACKGROUND

An initial application for discovery pursuant to 28 U.S.C. § 1782 was filed in this Court on August 18, 2015 (Dkt. 1). Filed ex parte, the Court granted the application on January 19, 2016 (Dkt. 13). The Court did not know at the time, and counsel for the Applicant did not make known, that the Government of the Lao People's Democratic Republic ("Lao PDR" or "Applicant"), had filed a similar application two months earlier in the District Court for the Northern Mariana Islands. The application in the Northern Marianas case was denied by U.S. Magistrate Judge Heather L. Kennedy on April 7, 2016. *See In re Application of the Government of Lao People's Democratic Republic*, 2016 WL 1389764 (D. N. Mar. I. April 7,

**MEMORANDUM DECISION AND ORDER - 1**

2016).  Notably, that application was not filed ex parte and Bridge Capital, one of the Movants in this case, opposed the application.[1]

The Court will not restate the factual and procedural background nor reconstruct its entire analysis but instead will focus on the two proceedings that it considered in earlier granting the application and then will decide with the additional record now before the Court whether the grant of the application should remain intact, or whether it should be undone.  A more complete factual background is contained in the Court's initial order granting the application.  *See* Dkt. 13.

## 28 U.S.C. § 1782

The purpose of Section 1782 is "to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.* ("*Intel*") 542 U.S. 241, 247 (2004).  Section 1782(a) provides in pertinent part:

> The district court of the district in which a person resides or is found may order him to ... produce a document or other thing for use in a proceeding in a foreign or international tribunal.... The order may be made ... upon the application of any interested person and may direct that the testimony or statement may be given, or the document or other thing be produced, before a person appointed by the court.

Before granting a Section 1782 application, courts first must confirm three statutory requirements are present: "(1) the discovery sought is from a person residing in the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is a foreign or international tribunal or an interested person." *In*

---

[1] Ex parte applications pursuant to § 1782 have been deemed acceptable by various courts.  *See In re Judicial Assistance Pursuant to U.S.C. Sec. 1782 ex rel. Macquarie Bank Ltd.*, 2014 WL 7706908 at *1 (D. Nev. June 4, 2014) (section "1782 petitions are frequently reviewed on an ex parte basis.").

**MEMORANDUM DECISION AND ORDER - 2**

*re Ex Parte Apple Inc*. ("*Apple*"), 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012) (citation and internal quotation marks omitted). If the three requirements are present, and if discovery would not violate any legally-applicable privilege, "a district court is free to grant discovery in its discretion." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir. 2004) (quotation omitted); 28 U.S.C. § 1782(a).

If the statutory requirements are present, four factors (known as the "Intel factors") guide the decision as to whether to grant the application:

> (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery is "unduly intrusive or burdensome."

*Apple*, 2012 WL 1570043, at *1 (quoting *Intel*, 542 U.S. at 264-65). Further, the district court should exercise its discretion with the "twin aims" of Section 1782 in mind: (1) "providing efficient assistance to participants in international litigation" and (2) "encouraging foreign countries by example to provide similar assistance to our courts." *Intel*, 542 U.S. at 252 (internal quotation marks omitted).

## PRIOR ORDER AND CURRENT STATUS

The Court's prior order (Dkt. 13) focused on the second statutory factor, a "foreign tribunal," and specifically whether a criminal investigation into Baldwin or his entities involving allegations of bribery and tax fraud constituted a "foreign tribunal." The Court concluded that it did. (Dkt. 13, p. 4.) The Court also concluded that it was within "reasonable contemplation"

**MEMORANDUM DECISION AND ORDER - 3**

that the BIT (Bilateral Investment Treaty) arbitration[2] between Lao Holdings and the Lao PDR would be revived, also satisfying the second statutory requirement.[3] (*Id*., p. 6.) *See Intel*, 542 U.S. at 259 (§ 1782(a) requires that a dispositive ruling be "within reasonable contemplation").

Movants contend that in the time intervening since the Court issued its order on January 19, 2016, and Lao PDR does not dispute, no criminal proceeding of any manner has been initiated against Baldwin or companies related to him, including the Savan Vegas casino.[4]

As to the BIT arbitrations, the two original BIT arbitrations remain the subject of material breach proceedings but have not been reopened or revived. Two new BIT arbitrations have been initiated subsequent to the Court's prior order and are being consolidated into one. However, in both the original and new BIT arbitration proceedings, it appears that new discovery will not be allowed or will be limited. *See* Gill Decl., Ex. B (Dkt. 58-2) 125:9-22 (indicating an agreement that there would "not be any discovery in this proceeding [the second material breach application] but that the Parties can use whatever evidence is available from the SIAC [Singapore International Arbitration Centre] proceeding."); Ex. D (Dkt. 58-3), Ex. E (Dkt. 58-4) (Procedural Orders filed in the two new BIT arbitrations allowing for each party to "serve a request for production of documents that it assumes to be in the other party's possession, custody

---

[2] BIT arbitrations satisfy the international tribunal requirement of § 1782. *See In re Chevron Corp.*, 709 F. Supp. 2d 283, 291 (S.D.N.Y. 2010) (observing that an arbitral body established by an international treaty is distinguishable from a tribunal established by private parties and is an "international tribunal").

[3] This finding was based on Lao PDR's filing of "Notice of Material Breach" of a Deed of Settlement in two BIT arbitrations and its contention that this notice of breach meant the BIT arbitrations would be revived.

[4] Respondents also reference a portion of the Settlement Deed which states that Lao PDR will "discontinue the current criminal investigations against Sanum/Savan Vegas and its management or other personnel..." *See* Dkt. 20-5.

**MEMORANDUM DECISION AND ORDER - 4**

or control...").

ANALYSIS

A.   Statutory Factors

The Court finds that the criminal investigation raised in Lao PDR's initial application and briefing does not constitute a "proceeding before a foreign tribunal."[5] In the initial application, Lao PDR represented that there was an active investigation into alleged criminal activities of Baldwin and the Savan Vegas. However, the record now shows that no such investigation is underway and that in the considerable time that has passed since Lao PDR said that there was an investigation, no criminal proceedings have been initiated against Baldwin or Baldwin-related entities and Lao PDR does not contend otherwise. Indeed, in the Deed of Settlement entered into on June 15, 2014 (between Lao PDR, Sanum, and Lao Holdings, NV), Lao PDR agreed to discontinue any criminal investigations into Sanum/Savan Vegas and to not reinstate such investigations. (Deed of Settlement, Dkt. 20-5, p. 9.)

The Court turns next to the BIT arbitrations. There has been a request to have the original BIT arbitrations reopened due to alleged "material breach," and that request is under consideration. But at this time, they have not been reopened due to "material breach." Then there are two new BIT arbitrations currently pending. The Movants (Bridge Capital *et al*) contend that these BIT arbitrations provide no basis for the requested discovery, as the discovery could not be used in those arbitrations. In the BIT arbitrations subject to the material breach

---

[5] In the District of Northern Mariana Island's decision on Lao PDR's § 1782 application for discovery, the court held the discovery request in terms of the criminal investigation "is more of a fishing expedition than a legitimate use of § 1782 to further its pursuit of criminals" and that Lao PDR could "not show that a dispositive ruling is within reasonable contemplation." 2016 WL 1389764 *6-7 (D. N. Mar. I. 2016).

**MEMORANDUM DECISION AND ORDER - 5**

proceedings, the parties agreed that no new discovery could take place, therefore, Movants argue, the discovery sought in the § 1782 application could not be "for use in" that proceeding. As to the new BIT arbitrations, Movants contend that only limited discovery *between parties* is allowed, as set forth in the Procedural Order, so again the requested discovery here (directed to a non-party) could not be "for use in" the new BIT arbitrations.

At this time, the original BIT arbitrations have not been reopened or revived. The Court has considered Movants' argument that because there is either limited, or no, discovery allowed in the original (closed, but subject to possible reopening) and new BIT arbitrations, discovery could not be "for use in" those proceedings. *Intel* requires that a "dispositive ruling" in the relied upon proceeding(s) "be within reasonable contemplation", which one court has held "turns not on whether the proceeding is pending but on whether the requested evidence will likely be of use in a judicial proceeding." *In re Request for Assistance from Ministry of Legal Affairs of Trinidad & Tobago*, 848 F.2d 1151, 1155 (11th Cir. 1988) *abrogated on other grounds by Intel*, 542 U.S. at 253 n. 7 & 260. Given the nature of the limited discovery that is allowed in the BIT arbitration proceedings, it is a legitimate question as to whether it is possible, or more precisely, "likely" that such requested evidence can be used in those proceedings. A similar template was used by the Eleventh Circuit in regard to the "reasonable contemplation" requirement, in which the court held that the "future proceedings must be more than speculative . . . and a district court must insist on reliable indications of the likelihood that proceedings will be instituted within a reasonable time." *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1270 (11th Cir. 2014) (internal quotation marks omitted).

**MEMORANDUM DECISION AND ORDER - 6**

However, there is another line of cases that would support a finding that the BIT arbitrations satisfy the second statutory requirement. The Second Circuit has held: "'[F]or use in a proceeding' indicates something will be employed with some advantage or serve some use in the proceeding, and not necessarily something without which the applicant for such discovery could not prevail." *Mees v. Buiter*, 793 F.3d 291 (2d Cir. 2015). *See also In re Ex Parte Application of Bertina Jommi*, 2013 WL 6058201 (N.D. Cal. 2013) (finding the second statutory requirement satisfied where petitioner sought discovery for use in a suspended Swiss criminal investigation).

The Court will assume, without directly deciding, that the BIT arbitrations (both old and new) satisfy the second statutory requirement and will turn to the discretionary factors. The BIT arbitrations are current proceedings that are more than speculative, and they are currently pending. Whether anything comes from the material breach proceedings on the original BIT arbitrations is an uncertainty at present.

**B.     Discretionary Factors**

The discretionary factors include: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceeding underway abroad, and the receptivity of the foreign tribunal to U.S. federal court assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the U.S.; and (4) whether the request is unduly intrusive or burdensome.

On the earlier record, the Court concluded that the first factor favored the Applicant because Idaho Independent Bank is not a party to the foreign proceeding. On the current record,

**MEMORANDUM DECISION AND ORDER - 7**

the Court now finds that this factor is weaker support for Applicant because the request seeks some documents that Baldwin or Sanum (who is a party to the arbitrations) would possess. Hence, the Court finds this to be a neutral factor.

The second factor looks at the nature of the foreign tribunal and its receptivity of the foreign tribunal to U.S. federal court assistance. It is represented in the current record that no new discovery is currently being permitted in the original BIT arbitration/material breach proceeding, and the new BIT arbitrations allow only limited discovery *between* the parties. Lao PDR has provided no argument for *how* the discovery it seeks would be of use in the BIT arbitrations, particularly given the prohibition against, or limited scope of, discovery in these proceedings. This factor weighs against the Applicant.

On the current record, the third factor also weighs against the Applicant. In the original BIT/material breach proceeding, Lao PDR agreed with opposing counsel that there would be no new evidence other than what was available in the SIAC proceeding. More importantly, Lao PDR suggested that it be held to the same agreement as the original arbitration that there "would not be any discovery" other than evidence from the SIAC proceeding. Gill Decl., Ex. C. The BIT tribunal appears to have rejected Lao PDR's suggestion and allowed for discovery of "documents that [each party] assumes to be in the other party's possession, custody, or control..." *Id.*, Ex. D. It is incongruous at best, and disingenuous at worst, for Lao PDR to seek discovery for supposed use in the BIT arbitrations in this Court when in both the original and new BIT arbitrations, Lao PDR has either agreed to, or requested, no additional discovery other than the evidence from the SIAC proceeding. This weighs against Applicant. *See, e.g., In re King.com, Ltd.*, 2016 WL 4367286 (N.D. Cal. 2016) (where foreign proceeding was stayed and

no discovery was allowed, court found third factor weighed against discovery and ultimately quashed the subpoenas).

Lastly, the fourth factor looks at whether the request is unduly burdensome or intrusive. There is no new evidence before the Court regarding a criminal investigation and Applicant does not address those grounds as a basis for discovery. As to the original and new BIT arbitration proceedings, there is either no, or limited, discovery taking place. Based on that new information before the Court, the Court finds this factor tilts against Applicant.

**C.     Conclusion**

In the exercise of its discretion, the Court finds the discretionary factors, in light of the updated and more complete record now before the Court, and especially give the nature of the current arbitration proceedings, weigh against Applicant and favor quashing the subpoena. In particular, the fact that the BIT arbitrations appear to not accept any evidence obtained by the subpoena and that Lao PDR agreed, and sought, to limit discovery in those proceedings, are highly relevant to the Court's decision to vacate and quash. Moreover, there is no evidence in the record that shows Lao PDR seeks to investigate the Movants for criminal activity. *See In re Letter of Request from Crown Prosecution Serv. of the United Kingdom*, 870 F.2d 686, 691 & n.4 (D.C. Cir. 1989) (noting the importance that a district court believe that evidence sought would actually be used in criminal proceedings, rather than for some other purpose). Lao PDR had an opportunity to supplement the record with new facts and law and there was no mention of any criminal investigation (other than the Court relied upon an alleged criminal investigation in its initial order) in their supplemental filing. The Court granted Lao PDR's initial application based upon representations made that now have either changed, or were not entirely accurate in

the first instance.

      Further, the Court is troubled that Lao PDR failed to disclose that it was seeking nearly the same discovery, on the same grounds, in the District of the Northern Mariana Islands. Lao PDR filed its application in that district two months before the application before this Court and that case was not proceeding ex parte, giving the District Court of the Northern Mariana Islands the opportunity to decide whether to grant the § 1782 application on a more complete record. While such applications can be made on an ex parte basis, other district courts have found that attorneys who made similar decisions and failed to disclose other, related proceedings did so strategically, which meant that the court should consider such strategic decisions in the discretionary assessment under the *Intel* factors. In *Green Dev. Corp. S.A. De C.V. v. Zamora*, the court noted that the duty of candor is particularly heightened in ex parte proceedings and that a failure to disclose the related, subsequently filed, proceedings was not necessarily made in bad faith, but was not made in good faith either. 2016 WL 2745844, *5-7 (S.D. Fla. 2016). That court vacated its prior order and quashed the subpoena. *Id*. at *10. Another court similarly granted a motion to quash, finding that a § 1782 applicant did not adequately inform the court of adverse rulings that undermined its application, noting that a "full and fair description of the pertinent litigation may very well have led the court to deny the application." *In re WinNet R CJSC*, 2017 WL 1373918, *9-10 (S.D.N.Y. 2017). This factor has additional significance in this proceeding, as the Court also noted the ex parte nature of this application and specifically inquired in the courtroom when hearing the argument of Applicant's counsel, as to whether there were decisions from other courts or tribunals on the nature of the issues presented in the ex parte application. The Court does not recall at this time the particular detail of those questions, and

**MEMORANDUM DECISION AND ORDER - 10**

the Court will presume that the precise question may not have been asked that would have called for precise answer identifying the case filed in federal court in the Northern Marinas. However, the Court does not recall any mention being made of that proceeding, or that there was a proceeding between the Applicant here and the Movants here, but in a different court, involving issues directly similar to this case.

Fed. R. Civ. P. 60(b) allows the Court to give relief from a final judgment, order, or proceeding for "any [other] reason that justifies relief." There is justification for granting such relief for the reasons described in this decision. Accordingly, the Court GRANTS Movants' Motion to Vacate and Quash (Dkt. 20).

## MOTION FOR REVOCATION OF PRO HAC VICE APPEARANCE

Lao PDR moves to have attorney Deborah Deitsch-Perez's pro hac vice admission before this Court revoked based on Ms. Deitsch-Perez's failure to comply with Dist. Idaho Loc. Civil R. 83.8 by accusing Lao PDR's counsel of professional misconduct.

The Ninth Circuit has recognized that in order to deny a pro hac vice admission, a court's decision must be based on criteria reasonably related to the promoting the orderly administration of justice, or some other legitimate policy of the courts. *In re U.S.*, 791 F.3d 945, 957 (9th Cir. 2015). District courts that have revoked pro hac vice status have done so for reasons far more serious than those complained of by Lao PDR regarding Ms. Deitsch-Perez's conduct. *See, e.g.*, *Curtis v. BCI Coca-Cola Enters. Bottling Cos.*, 2014 WL 4417741, *4 (E.D. Cal. 2014) (revoking pro hac vice admission where counsel falsified application); *Vitale & Assocs. v. Lowden*, 2014 WL 2526962, *7 (D. Nev. 2014) (revoking pro hac vice where attorney violated Rule 11, failed to disclose that he was subject to disciplinary action, and committed an ethical

**MEMORANDUM DECISION AND ORDER - 11**

violation).

The Court finds, but without condoning and certainly without being persuaded by the nature of the strident *ad hominem* advocacy, that any alleged misconduct of Ms. Deitsch-Perez does not rise to the level that warrants revoking her pro hac vice status. The Court will DENY Lao PDR's motion for revocation of pro hac appearance (Dkt. 29).

## ORDER

**IT IS HEREBY ORDERED** that:

1) Movants' Motion to Vacate Ex Parte Memorandum Decision and Order on Ex Parte Application for Discovery and Motion to Quash (Dkt. 20) is GRANTED; and

2) Applicant's Motion for Revocation of Order Granting Pro Hac Vice Appearance (Dkt. 29) is DENIED.

DATED: **June 30, 2017**

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge